IMPORTANT NOTICE: COURTESY COPIES OF DOCUMENTS YOU FILE SHOULD <u>NOT</u> BE PROVIDED TO ANY JUDGE. ALL COMMUNICATIONS WITH THE COURT SHALL <u>ONLY</u> BE THROUGH DOCUMENTS FILED WITH THE CLERK OF COURT.

RECEIVED
IN ALEXANDRIA
AUG - 3 2010
TONY R. MOORE, CLK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CLYDE PORTER** | DOCKET NO. 10-CV-506; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **TIM WILKINSON, ET AL.** | MAGISTRATE JUDGE KIRK |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**TO DISMISS THREE DEFENDANTS**</u>

Before the Court is the civil rights complaint (42 U.S.C. §1983) of Clyde Porter, filed pro se and *in forma pauperis* on April 13, 2010. Plaintiff is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. He names as Defendants Tim Wilkinson, Pat Thomas, Nurse Gaskill, Dietician Ms. Williams, Mona Heyse, Winn Correctional Center, and Corrections Corporation of America. Plaintiff claims that the Defendants have violated his rights guaranteed by the Eighth and Fourteenth Amendments. He seeks injunctive relief in the form of an order that Defendants provide him with a "proper" diabetic diet, transport him to outside physicians or specialists, and to adhere to the recommendations or orders of those outside specialists. He also seeks injunctive relief as to the unconstitutional grievance system at WNC so that illiterate inmates such as Plaintiff can assert grievances. Plaintiff also seeks monetary damages including compensatory, nominal, and punitive damages.

**FACTS & BACKGROUND**

Plaintiff alleges that he has been diagnosed as a diabetic, which demands a specific and special diet to allow his body to maintain proper glucose levels. Plaintiff claims that he is served meals that are extremely high in starch, which produces high levels of sugar in his body. Plaintiff alleges that the "improper" diet has caused damage to his stomach "beyond repair" and that he will need a colostomy bag at some point in the future.

Plaintiff alleges that he has made numerous requests to be transported to LSU hospital in Shreveport for treatment. He was informed that, in order to go to an outside clinic appointment, he had to sign a form stating that he understood that WNC physicians were not obligated to follow any recommendations made by outside medical care providers; that all orders of outside providers would be reviewed by a WNC physician; and all orders for medical treatment would come from WNC staff. Plaintiff refused to sign the form, so he has been denied an appointment outside of WNC.

Additionally, Plaintiff alleges that, on November 15, 2009, he was at the pill call window at WNC waiting on his daily injection of insulin. He placed his hands on the wooden counter and his right thumb was pricked by a needle that had been broken off in the wood by another inmate. Plaintiff informed Nurse Gaskill, and she attempted, unsuccessfully, to remove the needle from the wood. Another inmate was able to remove the needle using pliers. Gaskill

2

instructed Plaintiff to wash his hands, and she gave Plaintiff an alcohol pad to clean the wound. Plaintiff was prescribed medication to prevent an infection and the medical department ran blood work, as well.

Next, Plaintiff complains that his administrative remedies were denied. The grievance about his diabetic diet was denied at step one because all diets are evaluated by a licensed dietician. Plaintiff's grievance about the needle stick was denied for not being written in Plaintiff's handwriting.

A.  Wilkinson

Plaintiff claims that Warden Wilkinson acted with deliberate indifference to Plaintiff's serious medical needs by failing to provide Plaintiff with a "proper" diabetic diet when he "knew or should have known" that an improper diet could have harmful effects on Plaintiff. He claims that Wilkinson violated Plaintiff's right to due process by rejecting some of Plaintiff's grievances because they were not in Plaintiff's handwriting and failing to respond to the portion of Plaintiff's grievance about his alleged stomach injury.

B.  Pat Thomas

Plaintiff claims that Pat Thomas is liable as the overseer of the medical department at WNC. He also claims that Thomas is liable for acting with deliberate indifference to serious medical needs by:

1. not providing Plaintiff with a "proper" diet when she knew or should have known that an "improper" diet for a diabetic would cause injury to Plaintiff; and

2. refusing to allow Plaintiff to see an outside specialist and allowing a WNC physician to override or ignore orders of outside physicians.

C. Nurse Gaskill

Plaintiff claims that Nurse Gaskill subjected Plaintiff to cruel and unusual punishment by having prior knowledge that inmates break off used hypodermic needles into the wooden counter at the pill-call window and failing to make sure that each inmate placed his needle into the proper depository.

D. Ms. Williams

Plaintiff claims that Williams subjected Plaintiff to cruel and unusual punishment by providing Plaintiff with an improper diabetIc diet that resulted in injury to his stomach.

E. Mona Heyse

Plaintiff alleges that Mona Heyse violated Plaintiff's Fourteenth Amendment right to due process by rejecting Plaintiff's requests for administrative remedy with regard to the needle prick because the requests were not in Plaintiff's handwriting, despite the fact that Heyse knew of Plaintiff's illiteracy.

## LAW AND ANALYSIS

### I. GRIEVANCE

Plaintiff claims that Ms. Heyse and Warden Wilkinson violated his right to due process by rejecting his administrative grievances

4

for not being in Plaintiff's handwriting and for failing to investigate the grievances. Plaintiff's due process argument is frivolous. In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, as is alleged here, does not violate constitutional minima.[1] Since the Fourteenth Amendment does not provide a constitutionally protected right to a prison grievance procedure, the due process claims against Heyse and Wilkinson should be dismissed with prejudice.

## II. WNC & CCA

Plaintiff names WNC as a defendant. Federal Rule of Civil

---

[1] See <u>Taylor v. Cockrell</u>, 92 Fed.Appx. 77 (5th Cir. Feb.12, 2004)(not designated for publication)(citing <u>Sandin</u>, *supra*, and finding that "claims that the defendants violated ... constitutional rights by failing to investigate ... grievances fall short of establishing a federal constitutional claim"); <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005)(Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction; any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably merit less); (see also <u>Jones v. North Carolina Prisoners' Labor Union</u>, Inc., 433 U.S. 119, 138 (1977)(Burger, C.J., concurring)(applauding the institution of grievance procedures by prisons but not suggesting that such procedures are constitutionally required); <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir.1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993)(quotation omitted)(holding that a prison grievance procedure is not a substantive right and "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) *per curiam* (concluding regulations providing for administrative remedy procedure do not create liberty interests in access to that procedure); and <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether WNC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person". This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. Art. 24. A review of the Louisiana Secretary of State's corporation database suggests that Winn is not a corporation, and, as such, not a juridical person. Plaintiff has failed to allege or establish otherwise; therefore, WNC should be dismissed as a defendant.

Also, Plaintiff seeks to hold CCA liable under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights.[2] Plaintiff's complaint is devoid of any allegations that

---

[2] In Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003), the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. The court said, "[w]e agree with the Sixth Circuit and with those district courts that have found that private prison management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury." Id. In reaching its holding, the court concluded, "[c]learly, confinement of wrongdoers-though sometimes delegated to private entities is a fundamentally governmental function." Id. The test to determine liability for a private prison-management corporation under §1983 is more or less identical to the test employed to determine municipal or local government liability. See, Phillips v. Corrections Corp. of America, No. 02-766, 2006 WL 1308142 at *3 (W.D.La. May 10, 2006); Monell v. Dept. of Social Services, 436

an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCA should be dismissed.

### III. SERVICE OF PROCESS

Plaintiff alleges that Defendants Williams, Gaskill, Thomas, and Wilkinson each **_knew of and disregarded_** an excessive risk to inmate health or safety - through the lack of a proper diabetic diet and by disregarding inmates' long-standing habit of improperly disposing of needles in the infirmary. Service of Process will be ordered on those defendants.

### CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's complaint - **ONLY AS TO WNC, CCA, AND MONA HEYSE** - be **DENIED and DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Service of process will be ordered on the remaining defendants.

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

---

U.S. 658, 694 (1978).

served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 3rd day of August, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE